IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| OLIVER F. SMOOTE, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-19-01136-PRW |
| ) | |
| UNITEDHEALTHCARE INSURANCE ) | |
| COMPANY and ) | |
| OLIVER K. BELOTE, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Plaintiff, Oliver Smoote Jr., filed an action in state court against Defendants, a Medicare Advantage Organization[1] and one of its salesmen, alleging they enrolled him in Medicare Part C without his knowledge or consent. The Medicare Advantage Organization removed to federal court pursuant to 28 U.S.C. § 1442(a)(1),[2] which, in relevant part, allows private persons and entities[3] "acting under" a federal officer to remove an action

---

[1] Plaintiff mistakenly named United Healthcare Services, Inc., as a defendant, *see* Pet. (Dkt. 1, Ex. 2), but subsequently filed an amended complaint naming its affiliate, Defendant UnitedHealthcare Insurance Company, *see* Pl.'s First Am. Compl. (Dkt. 20) at 1. To focus on the germane facts and issues, the Court does not dwell on this distinction in recounting the procedural history of the case.

[2] Defendant also removed on the basis of federal diversity jurisdiction, *see* Notice of Removal (Dkt. 1), but has since abandoned that basis, *see* Def. UnitedHealthcare Insurance Company's Resp. to Pl.'s Mot. to Remand (Dkt. 37) at 2 n.3.

[3] While the statute is, by its terms, limited to "persons," "Section 1442(a)(1) removal can apply to 'private corporations that meet the statutory requirements.'" *Bd. of Cty.*

against them when that action is "for or relating to any act under color of such office." Now, Plaintiff asks the Court to remand the action back to state court. He argues that Defendant UnitedHealthcare Insurance Company ("UHC"), as a Medicare Advantage Organization, does not "act under" a federal officer for purposes of 28 U.S.C. § 1442(a)(1) and, even if it does, there is no connection between its official actions and the injuries alleged.

As to the former, threshold argument, courts have split on the question of whether Medicare Advantage Organizations "act under" a federal officer for purposes of 28 U.S.C. § 1442(a)(1), with about equal numbers holding that such organizations do[4] and do not.[5]

---

*Commissioners of Boulder Cty. v. Suncor Energy (U.S.A.) Inc.*, 965 F.3d 792, 820 (10th Cir. 2020) (citing *Isaacson v. Dow Chem. Co.*, 517 F.3d 129, 135–36 (2d. Cir. 2008)).

[4] *See, e.g.*, *Baptist Hospital of Miami, Inc. v. Medica Healthcare Plans, Inc.*, 2019 WL 1915386 (S.D. Fla. Mar. 21, 2019); *Gordy v. CareMore Health Plan*, 2019 WL 1237421 (C.D. Cal. Mar. 18, 2019); *Hepstall v. Humana Health Plan, Inc.*, 2018 WL 4677871 (S.D. Ala. July 3, 2018); *Inchauspe v. SCAN Health Plan*, 2018 WL 566790 (C.D. Cal. Jan. 23, 2018); *Body & Mind Acupuncture v. Humana Health Plan, Inc.*, 2017 WL 653270 (N.D. W. Va. Feb. 16, 2017); *Beaumont Foot Specialists, Inc. v. United Healthcare of Tx., Inc.*, 2015 WL 9257026 (E.D. Tex. Dec. 14, 2015); *Assocs. Rehab. Recovery, Inc. v. Humana Med. Plan, Inc.*, 76 F. Supp. 3d 1388 (S.D. Fla. 2014); *Einhorn v. CarePlus Health Plans, Inc.,* 43 F. Supp. 3d 1268 (S.D. Fla. 2014); *Manorcare Potomac v. Understein*, 2002 WL 31426705 (M.D. Fla. Oct. 16, 2002).

[5] *See, e.g.*, *Ohio State Chiropractic Ass'n v. Humana Health Plan Inc.*, 647 F. App'x 619 (6th Cir. 2016); *Halifax Reg'l Med. Ctr. v. UnitedHealthcare of N.C., Inc.*, 2021 WL 601168 (E.D.N.C. Feb. 16, 2021); *Wise v. United Health Care of Fla., Inc.*, 387 F. Supp. 3d 1382 (M.D. Fla. 2019); *Shalaby v. Heritage Physiscian Network*, 364 F. Supp. 3d 693 (S.D. Tex. 2019); *Premier Inpatient Partners LLC v. Aetna Health & Life Ins. Co.*, 362 F. Supp. 3d 1217 (M. D. Fla. 2019); *Vaccarino v. Aetna Inc.*, 2018 WL 6249707 (C.D. Cal. Nov. 29, 2018); *Assael v. Preferred Care Partners, Inc.*, 2018 WL 6529530 (S.D. Fla. Feb. 22, 2018); *Morrision v. Humana, Inc.*, 2017 WL 2312476 (W.D. Ky. May 26, 2017); *Skiles v. Careplus Health Plans, Inc.*, 2014 WL 4322322 (S.D. Fla. Aug. 29, 2014), *vacated*, 2015 WL 1801272 (11th Cir. Apr. 7, 2015) (vacating on other grounds); *Sheridan Healthcorp,*

After a careful review of those cases, the Court agrees with the latter camp, holding that Medicare Advantage Organizations, like Defendant UHC, do not "act under" a federal officer for purposes of 28 U.S.C. § 1442(a)(1), for the reasons articulated by the Sixth Circuit in *Ohio State Chiropractic Ass'n v. Humana Health Plan Inc.*, 647 F. App'x 619 (6th Cir. 2016).

The Court therefore does not have subject matter jurisdiction pursuant to 28 U.S.C. § 1442(a)(1). Accordingly, the Court **GRANTS** Plaintiff's Motion to Remand (Dkt. 33) and **REMANDS** this action to the District Court of Oklahoma County.

**IT IS SO ORDERED** this 5th day of March 2021.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

*Inc. v. WellCare of Fla., Inc.*, 2007 WL 9701702 (S.D. Fla. Nov. 15, 2007); *Kennedy v. Health Options, Inc.*, 329 F. Supp. 2d 1314 (S.D. Fla. 2004).